Lucinda Eyster, Plaintiff in Error, *v.* John Eyster, Defendant in Error.

ERROR TO OGLE.

Where the sheriff's return to a summons in chancery showed that it was served by reading; but the parties stipulated that affidavits might be presented to show the real manner of service, and if it should appear therefrom that service was made by the delivery of a copy of the process, the return should be considered as amended accordingly:—

*Held*, on the affidavit of the sheriff, that he delivered a copy of the summons to the party, and his willingness so to amend the return, that the amendment would be regarded as made, by this court.

This was a bill for divorce filed by the defendant in error against the plaintiff in error, and heard at the May term, 1849, of the Ogle Circuit Court, when the decree was rendered, granting the divorce. The defendant below prosecuted the writ of error.

E. S. Leland, for plaintiff in error.

Glover & Cook, for defendant in error.

Treat, C. J.   It appeared from the sheriff's return that the summons was served by reading. The parties stipulated that affidavits might be presented to show the real manner of service; and if it should appear that the sheriff could amend his return, so as to show that service was made by the delivery of a copy of the process, the return should be considered as amended accordingly. The sheriff swears positively that he

delivered a copy of the summons to the party, and expresses his willingness so to amend the return. This clearly shows that he would so amend the return on leave ; and regarding the amendment as made, as we are bound to do by the terms of the stipulation, there is no error in the record.

The decree is affirmed.

*Decree affirmed.*